## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## SAN ANGELO DIVISION

| | | |
|---|---|---|
| JULIAN CHACON, § | | |
| § | | |
| Movant, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. |
| § | | 6:08-CV-0003-C |
| UNITED STATES OF AMERICA, § | | (6:06-CR-030(05)-C) |
| § | | ECF |
| Respondent. § | | |

## REPORT AND RECOMMENDATION

Julian Chacon filed a motion on January 28, 2008, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming that his counsel provided ineffective assistance during plea proceedings and failed to file an appeal as he requested. Respondent filed a response and appendix in opposition on March 28, 2008. The United States District Judge referred this case to the United States Magistrate Judge by order dated October 24, 2008, for an evidentiary hearing regarding Chacon's claim that he was provided ineffective assistance of counsel with respect to a failure to file an appeal pursuant to his request and whether such request was timely.

Chacon was appointed counsel for the limited purpose of representing him at the evidentiary hearing held on December 10, 2008, before the United States Magistrate Judge, in San Angelo, Texas. Chacon appeared at the hearing and, through an interpreter, testified in his own behalf. An assistant United States attorney appeared and offered the testimony of Jesse Mendez, Chacon's counsel for the criminal case. Both parties submitted oral argument to the court as well.

# I. BACKGROUND

Julian Chacon pleaded guilty to one count of a superseding indictment pursuant to a plea agreement on October 31, 2006 (Doc. 105). Chacon was sentenced on January 26, 2007, to a term of imprisonment of 121 months, to be followed by a three-year term of supervised release (Docs. 134, 154). Chacon alleges that Jesse Mendez, his attorney in the underlying criminal case, erred by failing to file an appeal.

Counsel was appointed and represented Chacon at the evidentiary hearing. Chacon appeared and testified in his own behalf as follows: Chacon mistakenly named David Munoz, rather than Jesse Mendez, as his attorney in the criminal case. Chacon had met with Mendez to discuss the facts and enter a plea. Although Chacon signed the plea agreement, he thought that the sentence imposed was high. Mendez proposed that he appeal right after the sentence. Chacon never waived his right to appeal. Mendez told him that he was going to file an appeal but did not. Chacon did not do anything within the 10-day period to make sure that an appeal was filed. Chacon indicated that he wanted to appeal because of the length of the sentence and that he had realized since filing his petition that he had been given a three point reduction for acceptance of responsibility. Upon cross-examination, Chacon testified that he did not instruct Mendez to file an appeal; rather Mendez spontaneously told him immediately after the sentence was imposed that he would appeal because of the length of the sentence. Mendez did not say he was going to appeal because he was not given a three point reduction for acceptance of responsibility.

Attorney Jesse Mendez testified as well. Mendez was appointed to represent Chacon, he had discussed the pre-sentence report with Chacon, and he gave a copy of this report to Chacon. Mendez testified that his file does not reflect that he told Plaintiff that he received a lot of time. Mendez testified that he did not believe that was a valid basis for appeal. It is his practice to discuss protocol with a client and to indicate that if the judge goes beyond the statutory guideline, there may be a

basis for appeal. Mendez testified that the sentence given was within the sentencing guidelines and at the top end of the applicable guidelines. A waiver of appeal rights was a part of the plea agreement, which provided for a very limited right to appeal. He testified that he does not recall Chacon instructing him to file an appeal, but if he had been told to file an appeal, he would have followed such instructions from a client. Mendez did not execute an appeal waiver after the sentencing, nor did he go down after sentencing to discuss appellate rights or whether to appeal with Chacon. Prior to sentencing, it is his practice to explain appellate rights to a client, how to behave in the courtroom, and things of that nature. Mendez testified that it is possible that Chacon may have misunderstood this discussion to mean that Mendez would file an appeal.

## II. ANALYSIS

Criminal defendants have a Sixth Amendment right to reasonably effective legal counsel. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A defendant making a constitutional claim of "ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega,* 528 U.S. 470, 476-77 (2000) (quoting *Strickland,* 466 U.S. at 694) (internal citations omitted). Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Strickland,* 466 U.S. at 687-89. The prejudice element requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A defendant has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez,* 193 F.3d 375, 378 (5th Cir. 1999).

Under the *Strickland* standard, a court's review of counsel's performance must be highly deferential with a strong presumption that "trial counsel rendered adequate assistance and that the

challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921, 113 S. Ct. 3035, 125 L. Ed. 2d 722 (1993). In order to overcome the presumption of competency, a defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland,* 466 U.S. at 690. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. The two-part *Strickland* test applies to guilty pleas in which ineffective assistance of counsel is alleged. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). To satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 60.

Under *Strickland*, constitutionally effective assistance of counsel is not necessarily errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220, 104 S. Ct. 2669, 81 L. Ed. 2d 374 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-91. Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Id.* at 689.

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe,* 528 U.S. at 477. More generally, counsel is considered to have performed "in a professionally unreasonable manner . . . by failing to follow the defendant's express instructions with respect to

an appeal." *Id.* at 478. The Court explained, "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id*. at 477.

In his testimony Chacon indicated that Mendez spontaneously told him that he would appeal because of the length of the sentence. Chacon's testimony also indicates that he did not directly instruct Mendez to file an appeal on his behalf, either orally or in writing; he did not write to the court to indicate his desire to exercise his limited right to an appeal; and he did not file his own appeal. This is consistent with Mendez's testimony indicating that he did not recall being instructed to file an appeal, he did not speak with Chacon after the sentence about filing an appeal, and he did not file an appeal in the underlying criminal case.

In *Roe* the Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." 528 U.S. at 484. However, the Court explained that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*.

Under *Roe*, counsel's failure to pursue the appeal as instructed is considered a professionally unreasonable performance which satisfies the first prong of the *Strickland* test for an ineffective assistance of counsel claim. *See Roe*, 120 S.Ct. at 1035. However, the uncontroverted testimony indicates that Chacon did not instruct Mendez to file an appeal. Mendez testified that it was his practice to explain protocol and that a limited basis for appeal may exist when a sentence in excess of the guidelines was imposed. Mendez testified that he would have filed an appeal if he had been instructed to do so. Chacon testified that he believed that Mendez spontaneously indicated that he would file an appeal. Both parties indicate that an appeal was not filed and that Chacon did not speak with Mendez or the court within the appeal period to pursue an appeal.

Having considered the submission of the parties and the evidence adduced during the evidentiary hearing, the court finds that a preponderance of the evidence does not show that Chacon requested that Mendez file an appeal in this case. The court, therefore, finds that Chacon did not instruct Mendez to file an appeal after the sentence was imposed, either within or outside of the time provided for filing of an appeal. Chacon has thus failed to demonstrate a professionally unreasonable performance necessary to satisfy the first prong of the *Strickland* test for an ineffective assistance of counsel claim. *See Roe*, 120 S.Ct. at 1035. Chacon indicated that he did not take any further steps to pursue an appeal, either by contacting his attorney or the court. The court finds that Chacon would not have filed a timely notice of appeal but for Mendez's failure to do so, thus also failing to satisfy the second prong of the *Strickland* test.

Chacon is thus not entitled to relief on his § 2255 motion based on his claim that he was deprived of effective assistance of counsel because counsel failed to file a notice of appeal of the January 26, 2007, order of the court.

### III.    CONCLUSION

Based upon the foregoing discussion of the issues, the evidence and testimony provided, and the law, this court recommends that Chacon's § 2255 motion based on his claim that he was deprived of effective assistance of counsel because counsel failed to file a notice of appeal of the January 26, 2007, order of the court be **DENIED**.

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten (10) calendar days.

A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider

frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within the period specified shall bar the aggrieved party from appealing the factual findings and legal conclusions of the United States Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

DATED this 31st day of December, 2008.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**